**WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP**
DON SPRINGMEYER, ESQ.
Nevada Bar No. 1021
CHRISTOPHER W. MIXSON, ESQ.
Nevada Bar No. 10685
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
Ph: (702) 341-5200/Fx: (702) 341-5300
dspringmeyer@wrslawyers.com
cmixson@wrslawyers.com

*Attorneys for Petitioner Pyramid Lake Paiute Tribe*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ORR WATER DITCH CO., et al.,<br><br>Defendants.<br><br>Re Nevada State Engineer Ruling No. 6327. | Case No. 3:73-CV-00035-LDG<br>(In Equity A-3-LDG)<br><br>**STIPULATION AND ORDER REMANDING NEVADA STATE ENGINEER RULING NO. 6327** |

Petitioner, Pyramid Lake Paiute Tribe ("Tribe"); Respondent, Jason King, P.E., State Engineer, Division of Water Resources, Department of Conservation and Natural Resources of the State of Nevada ("State Engineer"); and the City of Fernley, a political subdivision of the State of Nevada ("Fernley") (collectively the "Parties"), hereby file this Stipulation and [Proposed] Order Remanding Nevada State Engineer Ruling No. 6327, as set forth more fully below.

**I.    Background**

On December 19, 2011, Fernley filed groundwater change application numbers 81398, 81399, 81400, and 81401 ("Fernley's Applications") with the State Engineer seeking to change the points of diversion and place of use of existing groundwater rights identified as Permit Nos. 35976, 40004, 70288, and 70289 (the "Base Water Rights"). The Tribe timely filed protests of Fernley's applications with the State Engineer, requesting that Fernley's Applications be denied

on various grounds and for various reasons. On December 2, 2015, the State Engineer issued Ruling No. 6327 wherein he overruled the Tribe's protests and granted Fernley's Applications. On December 31, 2015, the Tribe timely appealed State Engineer Ruling No. 6327 to this Court. The Tribe alleges in its Petition for Review and Notice of Appeal (ECF No. 1597) that the State Engineer's determinations in Ruling 6327 are unsupported by the evidence, are clearly erroneous, and are based on the misapplication of governing law, and therefore that Ruling 6327 enables Fernley to receive water to which it is not legally entitled.

In the interest of judicial economy, and to attempt to resolve issues raised in the Tribe's Petition for Review and Notice of Appeal, the Parties stipulate as follows. The Parties' stipulation is contingent upon the issuance of this order from this Court remanding Ruling 6327 to the State Engineer for further proceedings as more fully set forth below. The Parties' stipulation is also conditioned upon the stipulated scope of the remand proceedings as set forth below.

**II.     Terms of Stipulation for Remand of Ruling 6327**

The Parties stipulate and the Court orders as follows:

A.     Within fifteen (15) days of the entry of this stipulation as an Order of the Court, the State Engineer shall, in a written notice or order, schedule remand proceedings regarding Ruling No. 6327, to commence within ninety (90) days of the date of the State Engineer's notice or order;

B.     The remand proceedings shall consist of a technical session to be held by the State Engineer with representatives from the Tribe and from Fernley, at their sole discretion and choosing ("Technical Session"), at which the State Engineer will provide the Parties with the data, analysis, methodology and all other related documents and details upon which the State Engineer relied for the findings and conclusions set forth in Ruling 6327;

C.     Within thirty (30) days of the Technical Session, the Tribe and Fernley may provide to the State Engineer any additional analysis, evidence, responses or materials they deem necessary in response to the Technical Session, Ruling 6327, Fernley's Applications, or the Tribe's protests of the same;

D.     After completing a review of the information provided by the Tribe and Fernley pursuant to Part II.C above, the State Engineer shall issue a ruling on remand with respect to

Fernley's Applications (the "Ruling on Remand");

E. The Tribe and Fernley do not waive any rights and expressly reserve any and all rights to judicial review of the Ruling on Remand, except as provided for in Part II.F below;

F. The Parties hereby stipulate that the scope of the proceedings on remand will be limited to the Tribe's claims that the proposed changes of the points of diversion of the Base Rights as requested in Fernley's Applications will harm, injure or otherwise conflict with the rights and interests of the Tribe and the public in violation of relevant law; and therefore, all Parties expressly retain, and do not waive or relinquish their rights to challenge or defend any potential impact or alleged conflict that may result between Fernley's Applications and the Tribe's water rights or other interests. The Tribe expressly reserves the right to make any claim, challenge, assertion and/or allegation against Fernley's Base Rights, including that they have been forfeited, abandoned, canceled and/or are otherwise invalid, in any future proceeding or action or otherwise.

G. The State Engineer enters into this Stipulation because of the unique factual circumstances surrounding Fernley's Applications, the Tribe's Protests and the issuance of Ruling 6327, and therefore:

1. This Stipulation does not represent a change of policy by the State Engineer, and is not binding on the State Engineer—and may not be relied upon—regarding any future actions, rulings, decisions, orders, or any other application of the State Engineer's administrative duties in conjunction with any other application or permit. This Agreement shall not be binding or controlling in any proceeding before the State Engineer, or any court proceeding reviewing his decisions, other than those proceedings described herein;

2. Except as provided for above in Part II.G.1, this Agreement has no precedential effect in any proceeding involving these Parties or any other parties and may not be relied upon as evidence of the policy or practices of the State Engineer. This Agreement does not limit the State Engineer's statutory authority or discretion as it relates to consideration of any application to appropriate or change the manner of use, place of use, point of diversion, or means of diversion of any water right, by whoever filed or any proof of beneficial use, application for

**STIPULATION AND ORDER**

1 | extension of time, or other proceeding before the State Engineer.

2 |     H.    Each Party to bear its own attorney fees and costs arising out of or related to the Applications, Protests, and Petition for Judicial Review described herein, including without limitation, the negotiation and documentation of this Stipulation.

DATED this 12th day of December, 2017.

| | |
|---|---|
| **WOLF, RIFKIN, SHAPIRO,** <br> **SCHULMAN & RABKIN, LLP** | **TAGGART & TAGGART, LTD.** |
| */s/ Christopher W. Mixson* <br> DON SPRINGMEYER, ESQ. <br> Nevada Bar No. 1021 <br> CHRISTOPHER W. MIXSON, ESQ. <br> Nevada Bar No. 10685 <br> 3556 E. Russell Road, Second Floor <br> Las Vegas, Nevada 89120 | */s/ David Rigdon* <br> PAUL TAGGART, ESQ. <br> Nevada Bar No. 6136 <br> DAVID RIGDON, ESQ. <br> Nevada Bar No. 13567 <br> 108 N. Minnesota St. <br> Carson City, NV 89703 |
| *Attorneys for Pyramid Lake Paiute Tribe* | *Attorneys for the City of Fernley, NV* |

**ATTORNEY GENERAL,**
**STATE OF NEVADA**

*/s/ Justina A. Caviglia*
JUSTINA A. CAVIGLIA, ESQ.
Deputy Attorney General
Nevada Bar No. 9999
100 N. Carson St.
Carson City, NV 89701

*Attorneys for the Nevada State Engineer*

**ORDER**

**IT IS SO ORDERED.**

Dated: 1٧ December 2017    By: _____
                                                    UNITED STATES DISTRICT COURT JUDGE
                                                     LLOYD D. GEORGE